UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS EDWARD CHAPMAN,

        Plaintiff,

  -vs-                                                Case No. 15-C-533

YELLOW CAB COOPERATIVE,
WISCONSIN DEPARTMENT OF
FINANCIAL INSTITUTIONS,
OFFICE OF SECRETARY OF STATE,
ALI MOHAMAD,
and PARSHUA GIRI,[1]

        Defendants.

# DECISION AND ORDER

Pro se Plaintiff Thomas Edward Chapman filed a wage complaint with the Wisconsin Department of Workforce Development Equal Rights Division (ERD) alleging that he was not being paid minimum wage as a cab driver. Chapman claims that Defendants Yellow Cab Cooperative,[2] Ali Mohamad, and Parshua Giri retaliated against him for filing the ERD Complaint by terminating his employment. He maintains that Defendant Wisconsin Department of Financial Institutions (DFI) deprived him of his civil rights. Chapman also states "state action: contract to franchise with

---

[1] The Plaintiff listed this Defendant as "Giri Parshua." The Defendants maintain that his name is Parshua Giri. (*See* Giri Br. Mot. Dismiss 2, ECF No. 31.) The Court has corrected the caption.

[2] Yellow Cab filed a notice of special appearance.

Yellow Cab charter." (Compl. 6, ECF No. 1.) Chapman seeks damages, injunctive and declaratory relief under 42 U.S.C. § 1983, and damages under Title VII, as amended.

The Defendants filed motions (ECF Nos. 16, 30) pursuant to Fed. R. Civ. P. 12(b) asserting this action should be dismissed on the following grounds: (1) failure to effect proper service; (2) failure to state a cause of action; (3) the Title VII claim is untimely and Chapman has failed to exhaust administrative remedies; (4) lack of subject matter jurisdiction over any Wisconsin Fair Employment Act (WFEA) claims; and (5) the action is barred by res judicata.

Chapman opposes dismissal in multiple filings and has filed a motion to amend/correct claim seeking to add a claim pursuant to 42 U.S.C. § 1981. (ECF No. 35.) This Decision and Order addresses the pending motions.

## Failure to State a Cause of Action

The Defendants assert that Chapman has failed to state a cause of action for retaliation under Title VII, because filing a wage claim is not activity protected by Title VII. Further, they assert that § 1983 claims are only appropriate against state actors who are acting under color of law, and Chapman has not alleged that Yellow Cab, Mohamed, and Giri were acting

under the color of law.  They also oppose Chapman's proposed amendment of the complaint to add a § 1981 claim, contending it fails to state a cause of action.

The Defendants proffer six exhibits in support of their motions.  In general, when extraneous materials are presented in support of a motion to dismiss, the Court has discretion either to exclude the materials and handle the case as a straightforward motion to dismiss, or to consider the materials and convert the motion to one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *See Levenstein v. Salafsky,* 164 F.3d 345, 347 (7th Cir. 1998).  There are, however, limited exceptions.

One of those exceptions, afforded by Rule 10(c), arises because "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  *See Cole v. Milwaukee Area Technical Coll. Dist.,* 634 F.3d 901, 903 (7th Cir. 2011)  Exhibits one and three, Chapman's Labor Standards Complaint and his ERD Complaint (ECF Nos. 17-1, 17-3, 31-1, 31-3), are also exhibits to Chapman's Complaint.  Therefore, they may be considered without converting the motion to a motion for summary judgment.

Exhibits two, five, and six (an administrative decision dismissing Chapman's wage and hour complaint, an order dismissing the

administrative retaliation action against Yellow Cab, and a letter relating to the retaliation case from Yellow Cab's attorney to Chapman (ECF Nos. 17-2, 17-5, 17-6, 31-2, 31-5, 31-6), are matters within the public record and, for that reason, may be considered by the Court without converting the motions to motions for summary judgment. *See* Fed. R. Civ. P. 12(d); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 731 n.3 (7th Cir. 2005).

However, there is no indication that exhibit four, a settlement agreement between Chapman and Yellow Cab regarding the retaliation complaint, is part of the administrative record or falls into some other exception. (ECF Nos. 17-4, 31-4.) Therefore, that document is excluded from consideration.

"[T]he pleading standards for pro se plaintiffs are considerably relaxed, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam), even in the wake of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, (2009)." *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013) (parallel citations omitted). To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most

favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). A complaint survives a Rule 12(b)(6) motion if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis,* 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678).

## Factual Background[3]

Chapman drove a licensed cab owned by Dennis Edwards. He paid rent on the cab to Giri, who leased it from Edwards. On January 30, 2013, Chapman filed a wage complaint with the ERD against Yellow Cab, a cooperative organization of taxicab drivers. In February, the ERD informed Yellow Cab of the administrative complaint. On March 4, 2013, Giri informed Chapman that Mohamed, Yellow Cab's president, had terminated Chapman's employment because he was suing Yellow Cab.

## Analysis

A Title VII retaliation claim arises under 42 U.S.C. § 2000e-3 which

---

[3] The factual background is based on the factual allegations of the Complaint and the attachments thereto.

provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has *opposed* any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or *participated* in any manner in an investigation, proceeding, or hearing under this subchapter.[4]

(Emphasis added.) 42 USC § 1981 prohibits racial discrimination and retaliation against employees when a contractual relationship exists between the employer and employee. The "Civil Rights Act of 1866 . . . protects the right of all persons 'to make and enforce contracts regardless of race.' 42 U.S.C. § 1981." *Smith v. Bray,* 681 F.3d 888, 895 (7th Cir. 2012) In 1991, Congress expanded the reach of the statute, which has now been confirmed to authorize claims for retaliation "if one person takes action against another for asserting the right to substantial contractual equality provided by § 1981." *Id.* at 896 (citing *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 445 (2008)). Though § 1981 and Title VII "differ in the types of discrimination they proscribe, 'the methods of proof and elements of the case are essentially identical.'" *Davis v. Time Warner Cable of Se. Wi., L.P.,* 651 F.3d 664, 671-72 (7th Cir. 2011). (Citations omitted).

"To plead a Title VII retaliation claim, a plaintiff must (though [he]

---

[4] The first type of activity is known as the "opposition" clause, and the second is known as the "participation" clause. *See Mattson v. Caterpillar, Inc.,* 359 F.3d 885, 889 (7th Cir. 2004).

- 6 -

need not use the specific terms) allege that [he] engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity."[5] *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.,* 804 F.3d 826, 833 (7th Cir. 2015).

The phrase "this subchapter," s*ee* 42 U.S.C. § 2000e-3, refers to 42 U.S.C. §§2000e through 2000e-17, the provisions that set forth an employee's rights when an employer has discriminated against him on the basis of race, color, sex, religion, or national origin. It follows that a charge "under this subchapter" is a charge that alleges discrimination on the basis of those prohibited grounds. *See Tomanovich v. City of Indianapolis,* 457 F.3d 656, 663-64 (7th Cir. 2006) (holding that two internal grievances were not protected activities for purposes of a Title VII anti-retaliation provision because in complaining about pay discrimination the plaintiff did not claim that the discrimination resulted from his national origin or his membership in another protected class); also citing *Gleason v. Mesirow Fin., Inc.,* 118 F.3d 1134, 1147 (7th Cir. 1997) (although filing an official complaint with an employer may constitute statutorily protected activity

---

[5] In the retaliation context, "adverse employment action" simply means an employer's action that would dissuade a reasonable worker from participating in protected activity. *Chaib v. Indiana,* 744 F.3d 974, 986-87 (7th Cir. 2014). The termination of employment is an adverse employment action. *See Tyler v. Ispat Inland Inc.*, 245 F.3d 969, 972 (7th Cir. 2001).

under Title VII, the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class; holding that the plaintiff's general complaint about management style without raising the subject of sexual harassment fails to constitute protected activity); *Sitar v. Ind. Dep't of Transp.,* 344 F.3d 720, 727 (7th Cir.2003) (affirming the district court's grant of summary judgment to the employer on the plaintiff's retaliation claim because the plaintiff's complaint to his employer "did not invoke any action protected by Title VII"); *Miller v. Am. Fam. Mut. Ins. Co.,* 203 F.3d 997, 1008 (7th Cir. 2000) (holding that the plaintiff did not engage in a protected activity where "[h]er complaints . . . concerned a *general* displeasure with being paid less than her co-workers given her longer tenure and the fact that she had trained some of them" and not discrimination related to a protected class).

Chapman's Complaint does not include any allegation indicating that race, color, sex, religion, or national origin played a role in his ERD wage complaint. Therefore, Chapman has failed to state a claim under § 1981, and his request to file his proposed amended Complaint is denied on the grounds of futility.[6] Furthermore, because there is no indication

---

[6] A motion for leave to amend a complaint is evaluated under Fed R. Civ. P. 15(a)(2), which provides that courts should "freely give leave when justice so requires." *See Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011). Nonetheless, where an

- 8 -

that race, color, sex, religion, or national origin played a role in his wage complaint, his Title VII claim is subject to dismissal for failure to state a claim.[7]

> Section 1983 provides in pertinent part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To survive a motion to dismiss a § 1983 claim, a plaintiff must allege facts which show that the defendant deprived him of a right secured by the Constitution or any law of the United States, and that the deprivation of that right resulted from the defendant acting under color of law. *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state

---

amendment would be futile, the general rule does not apply. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011).

[7] Because Chapman fails to state a Title VII retaliation claim, the Court need not address the Defendants' additional arguments for dismissal regarding timeliness and exhaustion of administrative remedies.

law." *West v. Atkins,* 487 U.S. 42, 49 (1988). (Citation omitted). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' . . . '[S]tate employment is generally sufficient to render the defendant a state actor.'" *Id*. (Citations omitted.)

The Complaint alleges that Giri drives a cab owned by Edwards. There is no allegation, or reasonable inference to be drawn from the Complaint, that Giri is employed by the government; thus he is not a state actor. Mohamed, the president of Yellow Cab, is a private individual, and there is no indication that he is employed by the state. Yellow Cab is a cooperative. None of these entities is a state actor. *See Babchuk v. Ind. Univ. Health, Inc.,* No. 15-1816, 2016 WL 106237, at \*4 (7th Cir. Jan. 11, 2016) (holding that Indiana University Health, Inc., at least a formally private corporation is not a state actor.); *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982).

The Defendants argue that the WFEA does not create a private cause of action. This Court held that that a person can bring a private

cause of action under the WFEA only under limited factual circumstances.[8] *See Martin v. Nw. Mut. Life Ins. Co.,* No. 05-C-0209, 2006 WL 897751, at *4 (E.D. Wis. Mar. 31, 2006). Those circumstances are not applicable here.

After *Martin*'s issuance, there was a brief interval when 2009 Wisconsin Act 20 amended the WFEA to allow a person prevailing on an administrative WFEA claim to bring a private cause of action for compensatory and punitive damages. *See Jones v. Int'l Ass'n of Bridge Structural Ornamental and Reinforcing Iron Workers,* 864 F. Supp. 2d 760, 767 (E.D. Wis. 2012). However, 2011 Wisconsin Act 219 repealed the 2009 amendments. *Velyov v. Frontier Airlines, Inc.,* No. 14-C-0071, 2014 WL 5312656, at *2 (E.D. Wis. Oct. 16, 2014). Thus, Chapman may not bring a claim under the WFEA and any such claim is dismissed with prejudice.

With respect to the DFI and the Office of the Secretary of State, two state agencies named as Defendants in this action, *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999), holds that district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. An action or claim is frivolous if "it lacks an

---

[8] This Court explained that a plaintiff can bring a private cause of action under the WFEA only when "(1) the legislature provides a new remedy . . . (2) for a proven statutory violation which previously was not available in the administrative process, and (3) which new remedy was not available to the plaintiff in the [Wisconsin Department of Industry and Human Relations] action simply because the amendment came too late." *Martin*, 2006 WL 897751, at *4.

arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Although the Office of Secretary of State is named in the caption of the Complaint, no allegations are included against it. Thus, the inclusion of the Office of the Secretary of State as a defendant is frivolous, *see id.,* and the Office of Secretary of State is dismissed from this action.

Chapman alleges that the DFI abused its discretion by failing to involuntarily dissolve Yellow Cab pursuant to Wis. Stat. § 185.72 because it was in bad standing four times between 1982 and 2000. Chapman has not alleged any action or inaction by the DFI that arguably violates his constitutional rights. In addition, the facts alleged by Chapman do not state an arguable Title VII or § 1981 claims against the DFI. Therefore, Chapman's claims against the DFI are dismissed.

## Res Judicata

The Defendants assert that this action is barred by res judicata, also referred to claim preclusion. However, they only cite cases applying the federal common law of claim preclusion. *See e.g. Quincy Mall, Inc. v. Parisian, Inc.,* 27 F. App'x 631, 636 (7th Cir. 2001) (applying federal claim preclusion law to hold that a state law breach of contract claim (removed to federal court) was barred by the prior proof of claim filed in bankruptcy court); *Edmonds v. Operating Engineers Local 139,* 620 F. Supp. 2d 966,
- 12 -

972 (W.D. Wis. 2009) (applying federal claim preclusion law to determine that a federal lawsuit was barred by the resolution of the plaintiff's prior federal lawsuit.)

Unlike the cited cases, this case is governed by Wisconsin claim preclusion law, *see Staats v. County of Sawyer,* 220 F.3d 511, 514 (7th Cir. 2000*); Brye v. Brakebush,* 32 F.3d 1179, 1181-1183 (7th Cir. 1994), and involves the application of Wisconsin claim preclusion law regarding an unreviewed administrative tribunal's dismissal of an action with prejudice and the effect, if any, on a subsequent federal action. The Defendants raise claim preclusion as a defense; however, they have not met their burden of demonstrating that Chapman's claims against any of the Defendants are barred under Wisconsin's law of claim preclusion.

**Opportunity to File Proposed Amended Complaint**

Although Chapman's Complaint is dismissed for failure to state a cause of action, courts must give litigants the opportunity to amend the complaint. *See Luevano,* 722 F.3d at 1022-25. The Court has discussed the deficiencies in Chapman's claims and, with the exception of the WFEA claim, indicated what Chapman must do in order to properly allege claims in an amended complaint. *See Tate v. SCR Med. Transp.,* 809 F.3d 343, 346 (7th Cir. 2015).

In addition, the facts of alleged retaliation may be more properly brought under the Fair Labor Standards Act (FSLA), 29 U.S.C. § 215(a)(3). *See Sapperstein v. Hager,* 188 F.3d 852, 857 (7th Cir. 1999) (holding that "filing a claim with a state Department of Labor qualifies as protected activity under this section of the FLSA"). The facts alleged may also give rise to a breach of contract claim under Wisconsin state law based on the alleged settlement agreement.

In addition, having considered Chapman's allegations regarding the DFI and his naming of the Secretary of State as defendant, Chapman is advised that a plaintiff may join defendants in a suit presenting any question of law or fact common to all defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). A court may, on motion or on its own, add or drop a party or sever any claim against any party at any time. Fed. R. Civ. P. 21. Chapman should consider whether any claims against the Secretary of State and/or the DFI satisfy the criteria of Rule 20(a)(2).

By the stated deadline, Chapman may file an amended Complaint consistent with this Decision and Order. Chapman is advised that any

amended Complaint must set forth all the factual allegations on which he intends to proceed. He is reminded that the Amended Complaint will supersede all prior Complaints in this action and must be a complete document. A copy of the Court's Civil Complaint form will be included with Chapman's copy of this Decision and Order. Failure to file an amended Complaint by the stated deadline will result in dismissal of this action without further order of the Court.

## Service

Defendants Yellow Cab, Mohamed, and Giri also maintain that the Summons served on Mohamed is defective because it does not provide Chapman's address, as required by Fed. R. Civ. P. 4(a)(1)(C); Chapman did not serve a copy of the Complaint with the Summonses filed upon Mohamad and Giri, as required by Fed. R. Civ. P. 4(c); and no Summons and Complaint was served on Yellow Cab, as required by Fed. R. Civ. P. 4(h). They also state that Chapman should not be allowed to perfect service because his Complaint fails to state a cause of action.

The documents on file establish that Mohamed, President of Yellow Cab's board of directors, was served with a Summons and other miscellaneous papers on June 5, 2015 (ECF No. 13), and Giri was served with a Summons and other miscellaneous papers on August 8, 2015 (ECF

No. 28). Fed. R. Civ. P. 4(c)(1) requires that both a Summons and a copy of the Complaint must be served. Mohamed and Giri were not served with the Complaint. Thus, they were not properly served.

Rule 4(h) provides that an association may be served in several ways, one of which is personal service on an officer. Mohamed is an appropriate person to accept service on behalf of Yellow Cab, but the Summons was not addressed to Yellow Cab, it was only served on Mohamed, personally. Yellow Cab has not been served in this action.

As of the date Chapman filed the Complaint he had 120 days, that is until September 2, 2015, to serve each Defendant with a copy of the Summons and Complaint.[9] Chapman was also to comply with Fed. R. Civ. P. 4(a)(1)(C), which requires that each Summons served provides his address. Mohamed and Giri have established that service upon them is defective. Yellow Cab has established that it was not served. A deadline for Chapman to perfect service of the Summons and Amended Complaint upon Mohamed, Giri, and Yellow Cab is set forth below. That deadline will also apply to the Secretary of State and the DFI, if named in the Amended Complaint, since there is no indication that either has been served.

---

[9] As of December 1, 2015, a defendant within this country must be served within 90 days. However, upon a plaintiff's showing of good cause for the failure, the court must extend the time. *See* Fed. R. Civ. P. 4(m) (2015).

- 16 -

**Other Matters**

Chapman may find helpful materials on the Eastern District of Wisconsin's web site, www.wied.uscourts.gov, under the "Representing Yourself" tab. If Chapman does not have access to a computer, he is advised to contact the Clerk of Court's Office to request information for pro se civil litigants.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Chapman's motion for leave to file an amended Complaint (ECF No. 35) is **DENIED**;

The Defendants' motions to dismiss (ECF Nos. 16, 30) are **GRANTED** to the extent that they are predicated on the failure to state a claim as follows: Chapman's Title VII, § 1983, and § 1981 claims against Mohamed, Yellow Cab, and Giri are dismissed without prejudice; any WFEA claim is dismissed with prejudice, and the motions are **DENIED** in all other respects;

The Wisconsin Secretary of State and the DFI are **DISMISSED** from this action;

**No later than March 28, 2016,** Chapman may file an Amended Complaint consistent with this Decision and Order;

The Clerk of Court is directed to include a copy of the Court's Civil Complaint form with Chapman's copy of this Decision and Order; and

**Failure to file an amended Complaint by March 28, 2016,** will result in dismissal of this action without further order of the Court; and

**No later than April 28, 2016,** Chapman must effect proper service of the Amended Complaint and Summons on any Defendant in this action.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2016.

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**