UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS EDWARD CHAPMAN,<br><br>         Plaintiff,<br><br>v.<br><br>YELLOW CAB COOPERATIVE,<br>STATE OF WISCONSIN DEPARTMENT<br>OF FINANCIAL INSTITUTIONS,<br>ALI MOHAMAD, and PARASHU GIRI,<br><br>         Defendants. | Case No. 15-CV-533-JPS<br><br><br><br>ORDER |

    Plaintiff Thomas Edward Chapman ("Chapman"), proceeding *pro se*, filed a complaint against Defendants alleging various causes of action arising from his termination from employment as a taxicab driver. Chapman filed his original complaint on May 4, 2015. (Docket #1). Defendants moved to dismiss that complaint, and the Court granted that motion on February 24, 2016. *Chapman v. Yellow Cab Cooperative*, Case No. 15-C-533, 2016 WL 756533, at *5–6 (E.D. Wis. Feb. 24, 2016). In its order, the Court gave Chapman leave to file an amended complaint in order to cure the deficiencies the Court identified in the original complaint. *Id.* Chapman then filed two documents purporting to be a first and second amended complaint, respectively. *See* (Docket #43 and #44). In April 2016, Defendants again moved to dismiss the case on various grounds. *See* (Docket #54, #55, and #61). Chapman initially failed to respond to these motions, so the Court ordered him to do so. (Docket #73). He thereafter responded to the motions to dismiss in one omnibus filing on August 18, 2016, and Defendants replied on September 1, 2016. (Docket #74 and #75). Without permission of the Court, Chapman filed what appears to be a sur-reply, consisting of a letter and exhibits thereto, on

September 16, 2016. (Docket #77). The motions to dismiss are fully briefed and, for the reasons stated herein, they will be granted.

1.   BACKGROUND

   1.1   Relevant Facts

The following facts are drawn from the allegations in Chapman's Second Amended Complaint.[1] Chapman alleges that he worked for Yellow Cab Cooperative, a cooperative organization of taxicab drivers, as a cab driver for a period of seven years. (Docket #44 at 1–2). Chapman drove a licensed cab owned by Dennis Edwards ("Edwards"), who is not a defendant in this action. *Id.* at 3. He paid rent on the cab to Defendant Parashu Giri ("Giri"), who leased it from Edwards. *Id.*

On January 30, 2013, he filed a wage complaint against Yellow Cab Cooperative with the Wisconsin Department of Workforce Development Equal Rights Division ("ERD"), alleging that he was not being paid the minimum wage. *Id.* at 3. Yellow Cab Cooperative was informed of that complaint by letter on February 19, 2013. *Id.*

On March 4, 2013, Chapman went to Giri's home to pick up his taxicab in order to start his work shift. *Id.* at 1. Chapman alleges that he and Giri used the same cab, with Chapman taking a day shift and Giri working through the night. *Id.* When he arrived at Giri's home that morning, however, he did not start his shift as usual. *Id.* Instead, Giri informed

---

[1]In response to the Court's February 24, 2016 order, Plaintiff filed a document captioned as his Amended Complaint on March 14, 2015. (Docket #43). The next day, he filed a document captioned his Second Amended Complaint. (Docket #44). The two documents are identical except that the Second Amended Complaint names the Yellow Cab Cooperative Board of Directors, and not Yellow Cab Cooperative, as a defendant. The Court will refer to the Second Amended Complaint herein as it is the most recent operative complaint in the case.

Chapman that the president of Yellow Cab Cooperative, Defendant Ali Mohamed ("Mohamed"), had fired him. *Id.* Chapman alleges that he heard from Giri that Mohamed decided to fire Chapman because Chapman had filed his wage complaint. *Id.* at 1–2. Chapman further states that in his seven years with the company he "had a good work record and no compliants [*sic*] from any customers or the public." *Id.* at 2.

Though the balance of the Second Amended Complaint is hard to parse, Chapman appears to assert the following legal theories. First, Chapman claims that Defendants Yellow Cab Cooperative,[2] Mohamed, and Giri violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), by terminating him in retaliation for engaging in "protected activity" under the statute—that is, filing his wage complaint. *Id.* at 3–4. Second, Chapman asserts, pursuant to 28 U.S.C. § 1983, that Defendant State of Wisconsin Department of Financial Institutions ("DFI") violated his First Amendment right to petition the government when DFI ignored a 2011 complaint from Chapman about Yellow Cab Cooperative's failure to comply with its corporate duties. *Id.* at 5–6.

Third, Chapman makes a "1991 claim" against Yellow Cab Cooperative arising from what appears to be a break-in at the company's dispatch center in June 2010. *Id.* at 10. Based on allegations found later in the complaint, it appears Chapman is attempting to refer to the Civil Rights Act of 1991. *Id.* at 26. Fourth, Chapman states that "African" managers at Yellow Cab Cooperative discriminated against him on the basis of his race. *Id.* at 17.

---

[2] As noted above, in the Second Amended Complaint Chapman changed Defendant "Yellow Cab Cooperative" to "Yellow Cab Cooperative Board of Directors." (Docket #44 at 1). Because the potential differences between the two are immaterial to the present motions, the Court will refer to this defendant as "Yellow Cab Cooperative."

Finally, Chapman appears to allege that some unidentified person or entity subjected him to "peonage"—involuntary servitude—in violation of the Thirteenth Amendment. *Id.* at 21.

1.2 Procedural History

Defendants Yellow Cab Cooperative, Mohamed, and Giri filed a motion to dismiss on April 13, 2016, arguing that Chapman's complaint failed to state a claim against any of them and that Giri was never properly served with process. (Docket #54 and #55). That same day, Chapman filed a document captioned "Additional Exhibits" to his Second Amended Complaint. (Docket #58). The document is replete with incoherent statements, legal argument, and photocopied pages from various books. On April 19, 2016, Defendant DFI filed a motion to dismiss for failure to state a claim. (Docket #61).

Chapman thereafter filed several more documents, some of which purported to be further exhibits to his Second Amended Complaint or asserted new claims Chapman believes he has against Defendants. *See* (Docket #62, #63, #64, #65, #66, and #67). These documents, like the first set of "Additional Exhibits" Chapman filed, consist primarily of incoherent arguments interspersed with photocopied pages from books and from the administrative record in Chapman's ERD proceedings. None of these filings was captioned as a response to the motions to dismiss, and based on the Court's review of each filing, none of them appreciably responds to Defendants' arguments.

As a result, after this matter was reassigned to this branch of the Court in August 2016, the Court ordered Chapman to file responses to the motions to dismiss, (Docket #73), which he did on August 18, 2016, (Docket #74). Yellow Cab Cooperative, Mohamed, and Giri filed a reply on September 1,

2016. (Docket #75). DFI did not file a reply. On September 16, 2016, Chapman filed yet another document purporting to contain additional exhibits to his Second Amended Complaint. (Docket #77). Review of the document, however, reveals that it is a sur-reply to Yellow Cab Cooperative, Mohamed, and Giri's reply brief. Although sur-replies are not authorized by the Court's local rules, *see* Civil L. R. 7, the Court will not strike Chapman's filing because the Court does not find that its contents affect the disposition of the present motions.

2.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing Chapman's Second Amended Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480–81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The Court is obliged to give

Page 5 of 20

Case 2:15-cv-00533-JPS    Filed 11/28/16    Page 5 of 20    Document 79

Chapman's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3. DISCUSSION

As explained below, the majority of Chapman's allegations in his Second Amended Complaint are wholly without merit. The only claim that appears colorable is his FLSA retaliation claim, but even there, the Court finds that he must provide more detailed and thorough allegations before the claim can be permitted to proceed. The Court will analyze each claim in turn, but first pauses to address the matter of Chapman's numerous post-complaint filings.

3.1 Chapman's Additional Exhibits

Chapman has repeatedly filed documents that purport to be additional exhibits to his Second Amended Complaint. These documents are incoherent, unintelligible, and contain mostly legal argument and speculation, not factual material. The Court will not consider the contents of these documents in ruling on the present motions.

When reviewing a motion to dismiss, the court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint. *Hill v. Trustees of Ind. Univ.*, 537 F.2d 248, 251 (7th Cir. 1976). The court can also consider any exhibits attached to the complaint itself and any supporting briefs. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). If the court considers matters outside the pleadings, however, the motion to dismiss must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d).

The Court declines to consider matters outside Chapman's allegations in his Second Amended Complaint. The purpose of requiring a plaintiff to

condense his factual allegations into a single document is to give the defendants fair notice of the claims brought against them. To permit serial, *ad hoc* amendment of the claims, as Chapman attempts to do here, would undermine this purpose. Furthermore, after reviewing these documents, the Court does not find anything in them that would affect the disposition of each of Chapman's claims below. As such, the Court will ignore these documents and proceed with its analysis of the motions to dismiss under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (the district court has discretion on a motion to dismiss to exclude documents extraneous to the complaint, particularly when they are not central to the allegations).

### 3.2 FLSA Retaliation

Chapman's first claim is that Yellow Cab Cooperative, Mohamed, and Giri retaliated against him after he filed a wage complaint with the ERD. The FLSA makes it unlawful for any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). Courts analyze FLSA retaliation claims using the familiar *McDonnell Douglas* burden-shifting method, where the plaintiff must initially show that he engaged in FLSA-protected activity and that he suffered an employment adverse action as a result. *Hernandez v. City Wide Insulation of Madison, Inc.*, 508 F. Supp. 2d 682, 688 (E.D. Wis. 2007).

In their motion, Defendants do not challenge the substance of the claim—namely, that Chapman engaged in protected activity under the FLSA when he filed a wage complaint with the ERD and that he suffered an adverse employment action—being terminated—as a result. *See* (Docket #55-1 at 5–6). However, Chapman's FLSA retaliation claim suffers from a critical defect which he must rectify before the claim can proceed. Specifically,

Chapman must allege facts showing that he was an "employee" of Yellow Cab Cooperative, Mohamed, and Giri. In their motion, these Defendants claim that they did not employ Chapman because, among other things, he set his own work hours and kept all his fares and tips. *Id.* at 6.[3]

The FLSA defines the term "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The FLSA further defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and defines "employ" as "to suffer or permit to work." *Id.* § 203(d), (g). These statutory definitions "are broad and comprehensive in order to accomplish the remedial purposes of the Act." *Secretary of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987). As a consequence, common law concepts of "employee" and "independent contractor" are generally inapplicable in FLSA cases; instead, courts must look to the "economic reality" of the relationship between the purported employer and employee. *Id.* Several factors, none of which is controlling, bear on this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Id.* At bottom,

---

[3]Defendants ask the Court to credit their factual assertions about their relationship with Chapman, but the Court is not empowered to do so at the pleading stage. *Kubiak*, 810 F.3d at 480–81. Nevertheless, Chapman's existing allegations fall short of demonstrating that Defendants employed him.

"employees are those who as a matter of economic reality are dependent upon the business to which they render service." *Bartels v. Birmingham*, 332 U.S. 126, 130 (1947).

Chapman's allegations, even construed liberally, do not address these factors. The only indication Chapman gives with regard to his relationship with these Defendants is rather convoluted: he shared a cab with Giri, who leased it from Edwards, who was a member of Yellow Cab Cooperative, whose president is Mohamed. He also alleges that Mohamed "fired" him from the cooperative for filing a wage complaint. But these allegations are not enough, standing alone, to establish the required employer-employee relationship. For instance, Chapman fails to explain what control, if any, Yellow Cab Cooperative, Mohamed, and Giri each exercised over his work. Neither does he allege that any of these Defendants ever paid him for his work. Furthermore, he does not show how he was dependent on Defendants' business or how he rendered services to Defendants specifically, as opposed to his taxi customers. Without a clearer explanation as to his employment relationship with these Defendants, the Court cannot conclude that any of them would be liable for the alleged FLSA violation.

Accordingly, the Court will dismiss Chapman's FLSA claim without prejudice. If he wishes to pursue it further, he must file an amended complaint consistent with the Court's guidance.[4]

3.3     Section 1983 Claim Against DFI

Chapman's Section 1983 claim must be dismissed because he alleges nothing rising to the level of a constitutional violation. To state a claim for relief under Section 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). In his Second Amended Complaint, Chapman alleges that a DFI employee, Paul Holzem ("Holzem"), violated his First Amendment right to petition the government for redress of grievances because he refused to investigate Yellow Cab Cooperative's alleged corporate compliance problems and refused to "start litigation" as Chapman requested. (Docket #44 at 5–6). Chapman asserts that in 2011 he filed a complaint with DFI regarding Yellow Cab Cooperative. *Id.* at 5. Holzem apparently rejected the complaint because,

---

[4]Defendants separately argue that Chapman's FLSA claim is barred by the statute of limitations. (Docket #55-1 at 6). The FLSA provides a two-year limitations period, unless the violation is "willful," in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). Chapman's claim accrued on March 4, 2013, the day he was fired, which was two years and two months prior to the filing of the original complaint in this case. Defendants assert that his claim is therefore barred by the two-year limitations period. However, the statute of limitations is an affirmative defense to be pleaded and proved by the defendant. *See* Fed. R. Civ. P. 8(c). A plaintiff need not normally plead facts in his complaint sufficient to avoid the statute of limitations. *See Brown v. Presstime Graphics, Inc.*, Cause No. 2:13-cv-425-WTL-DKL, 2016 WL 6067885, at *1 (S.D. Ind. Oct. 17, 2016). Furthermore, assuming as true that Mohamed expressly stated that he fired Chapman because of his wage complaint, that allegation would support a finding that the alleged FLSA violation here was willful.

in his view, Chapman asked him to perform tasks beyond his authority, including "start[ing] litigation." *Id.*

The Supreme Court has explained that "the Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough v. Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 387 (2011). The Petition Clause, like the Free Speech Clause, protects only the right to petition. It does not guarantee that anyone will agree with the petitioner. *See Pell v. Procunier*, 417 U.S. 817, 821–22 (1974); *Collin v. Smith*, 578 F.2d 1197, 1210 (7th Cir. 1978) (Harlington Wood, Jr., J., concurring) ("Recognition of the full scope of freedom of speech does not compel anyone to listen, or if listening to believe."). Chapman admits he was permitted to file a claim with DFI. Chapman complains that DFI, through Holzem, refused to do what Chapman requested and investigate his complaint further. But the fact that Holzem disagreed with Chapman's assessment of Yellow Cab Cooperative's practices does not mean that Holzem violated Chapman's constitutional rights. Even if Holzem was wrong to disagree with Chapman, such conduct did not deprive Chapman of the right to petition. As a result, the claim must be dismissed.

3.4   Civil Rights Act of 1991

Chapman's "1991 claim" must be dismissed because it is incoherent and fails to identify facts relevant to the purported claim. As noted above, this claim arises from an alleged break-in at the Yellow Cab Cooperative dispatch center in June 2010. (Docket #44 at 10). Chapman refers to police call notes which reflect that an unknown individual attempted to crawl through a window into the office. *Id.* at 10. According to Chapman, the office was closed due to a dispute with the landlord. *Id.* The legal theory Chapman asserts here is variously referred to as "usurpation," "usurpation of franchise

or office," and "usurpation of public office." *Id.* Chapman does not identify who broke in to the office, why, or how the break-in affected Chapman. *See id.* Further, based on the photocopied pages of books attached to his complaint, it appears Chapman may be trying to bring a *quo warranto* claim on Yellow Cab Cooperative's behalf for the 2010 trespass.

Chapman's allegations regarding the break-in fail for several reasons. First, absent explanation as to how the break-in affected him personally, Chapman lacks standing to assert a claim relating to it. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). Second, Chapman cannot maintain a *quo warranto* action on Yellow Cab Cooperative's behalf for the trespass, since such actions are designed to be brought on behalf of the government, not private parties. *See* Wis. Stat. § 784.04. Moreover, Chapman misapprehends the phrase "usurpation of public office," which refers not to trespass on physical premises but to commandeering an elected or appointed position of public office. *See id.*[5]

Finally, assuming Chapman seeks to bring a claim under the Civil Rights Act of 1991, that claim would also fail. The Civil Rights Act of 1991 does not provide a cause of action in itself; instead, it amended the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, often referred to as "Title VII." Title VII prohibits employment discrimination on the basis of a person's race, color, religion, sex, or national origin. *Id.* § 2000e-2(a)(1). Chapman's allegations regarding the 2010 break-in have no logical connection to

---

[5]Chapman suggests in his response to the motions to dismiss that his *quo warranto* action is actually directed at dissolving Yellow Cab Cooperative for *ultra vires* acts. (Docket #74 at 13–14). This claim is not found anywhere in his Second Amended Complaint and need not be addressed here.

employment discrimination, and so he cannot maintain a Title VII claim on these facts. Accordingly, the Court will dismiss this claim.

### 3.5 Racial Discrimination

Chapman brings another claim purporting to relate to discrimination. He claims that Yellow Cab Cooperative is managed by "Muslims and Africans" but that most of the drivers are "Muslims and Arabs." (Docket #44 at 17). The Court gathers that Chapman claims to be Arab, though he never states his race in the Second Amended Complaint. *See id.* Chapman alleges that the company showed racial favoritism by "issuing memberships to some people in there [*sic*] own race without a franchise," which the corporate by-laws do not allow. *Id.* He also contends that he filed a complaint with an unidentified white board member of Yellow Cab Cooperative in 2011 which was ignored. *Id.*

As noted above, Title VII prohibits racial discrimination in the workplace. To prove a claim of racial discrimination under Title VII, a plaintiff either may "present direct or circumstantial evidence that creates a 'convincing mosaic of discrimination' on the basis of race," or he may indirectly prove such a claim by showing that: (1) he is a member of a protected class, (2) his job performance was meeting his employer's legitimate expectations, (3) he was subject to a materially adverse employment action, and (4) the employer treated similarly situated employees outside the protected class more favorably. *Winsley v. Cook Cnty.*, 563 F.3d 598, 604 (7th Cir. 2009).

Chapman offers no facts in his Amended Complaint which, if believed, would support a Title VII racial discrimination claim. At best, he baldly asserts that he was discriminated against because he is Arab and his superiors in Yellow Cab Cooperative are African. He does not allege that he

was fired in 2013 because of his race, and his allegations that he was fired because of his wage complaint appear to foreclose this theory. Similarly, although he makes vague references to racial favoritism in issuing Yellow Cab Cooperative memberships, Chapman does not allege that he applied for and was denied such a membership—instead, he takes issue with that practice apparently because it violates the corporate by-laws. (Docket #44 at 17). Finally, Chapman's obscure allegation that he made some kind of complaint in 2011 that was ignored by a white Yellow Cab Cooperative board member cannot support a Title VII claim. Chapman fails to show that the decision was made because of his race and what adverse employment action, if any, he suffered as a result.

Chapman's Title VII theories, even if they were colorable, would fail for another reason: exhaustion of remedies. Title VII requires that before a plaintiff can file a federal lawsuit, he must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 20005(e)(1). If the EEOC chooses not to proceed on the plaintiff's behalf, it will issue a notice of right to sue. The plaintiff then must file his lawsuit within ninety days from the date the EEOC gives notice of right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999). Chapman does not allege that he followed the exhaustion procedure required by Title VII, and he did not attach an EEOC notice of right to sue to his Second Amended Complaint. Moreover, Chapman provides no dates for any alleged discriminatory conduct save his 2011 complaint to the Yellow Cab Cooperative board—a claim which is long since time-barred. As a result, Chapman's race discrimination claim must be dismissed.

Page 14 of 20

Case 2:15-cv-00533-JPS    Filed 11/28/16    Page 14 of 20    Document 79

### 3.6 Thirteenth Amendment

Chapman's final claim—that he was subjected to involuntary servitude in violation of the Thirteenth Amendment—must also be dismissed. (Docket #44 at 21). This portion of the complaint also suggests that Chapman was coerced into working for someone or into paying money to someone, but he does not allege who coerced him, when the coercion occurred, or what precisely he was coerced to do. *See id.* Although he does not specify the Defendants to which the claim is directed, the Court concludes that Chapman must be referring to Yellow Cab Cooperative, Mohamed, and Giri, since these are the only Defendants he allegedly worked for.

A claim for violation of the Thirteenth Amendment must be brought pursuant to Section 1983, which only prohibits constitutional violations occurring under color of state law. *Buchanan-Moore*, 570 F.3d at 827. This Court has already concluded that Yellow Cab Cooperative, Mohamed, and Giri are not state actors and therefore cannot be liable under Section 1983. *Chapman*, 2016 WL 756533, at *4. Moreover, even if Chapman could sue these Defendants under Section 1983, their failure to pay him minimum wage does not rise to the level of a Thirteenth Amendment violation. The Thirteenth Amendment was intended "to cover those forms of compulsory labor akin to African slavery." *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (quoting *Butler v. Perry*, 240 U.S. 328, 332 (1916)). Being paid something less than what the FLSA requires "does not evoke...the burdens endured by the African slaves in the cotton fields or kitchens of the antebellum south." *United States v. Bertoli*, 994 F.2d 1002, 1022 (3d Cir. 1993). Chapman's cryptic allegations of coercion do not meet that standard, either. Accordingly, the claim must be dismissed.

### 3.7 Failure to Effect Proper Service on Defendant Giri

In addition to arguing that Chapman has failed to state any claim against him, Giri asserts that he was never properly served with process. Every plaintiff must ensure that each defendant receives a summons and a copy of the complaint. Fed. R. Civ. P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, he must accomplish this within 120 days of filing to avoid dismissal. *Id.* 4(m). Service of process provides notice to defendants of the claims against them, encourages the plaintiff to diligently pursue his case, and grants the district court the power to exercise jurisdiction over a defendant. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). A defendant may move to dismiss a complaint for failure to serve process. Fed. R. Civ. P. 12(b)(5). The plaintiff bears the burden to demonstrate that he made effective service. *Cardenas*, 646 F.3d at 1005. If the plaintiff failed to do so, the court has discretion to permit further attempts at service or to simply dismiss the defendant from the case. *Id.*

Chapman's process server averred that on March 23, 2016 he served the summons and Second Amended Complaint on Giri's wife at an address in Shorewood, Wisconsin. (Docket #47). However, Giri provided an affidavit stating that he moved from Wisconsin to California in October 2015 and, as a result, he did not receive any documents served in Wisconsin in March 2016. (Docket #55-2 at 1). Additionally, Giri avers that he and the woman who was served, Bijaya Giri, have been divorced since 1998 and that he has never authorized her to accept service on his behalf. *Id.* at 2. Giri claims he only heard of Chapman's Second Amended Complaint through his lawyer, who received notice through service of that complaint on his co-defendants. *Id.* Chapman did not challenge these averments in his response brief. Indeed,

Chapman appears to concede in his unauthorized sur-reply brief that he never served Giri because Giri has relocated to California. (Docket #77 at 3).

To effect proper service on Giri, Chapman was required to have his process server do one of four things: (1) deliver a copy of the summons and the complaint to Giri personally; (2) leave a copy of each at Giri's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) deliver a copy of each to an agent authorized by appointment or by law to receive service of process on Giri's behalf; or (4) serve Giri under Wisconsin's rules for service of process. Fed. R. Civ. P. 4(e)(1)–(2). He did none of these things. Giri was never personally served, he did not live at the address where his ex-wife was served, and Giri never authorized his ex-wife to accept service on his behalf. Additionally, Wisconsin law requires that service may be made at the defendant's residence only after the exercise of "reasonable diligence" in efforts to serve him personally. *See* W.S.A. 801.11(1)(b). Chapman nowhere indicates that he first attempted to serve Giri personally, so he could not resort to service at Giri's residence even if the Shorewood address was in fact Giri's home.

Accordingly, the Court finds that Giri has not been properly served in this action. In its prior dismissal order, the Court found that Chapman failed to properly serve Giri with the original complaint. *Chapman*, 2016 WL 756533, at *6. Having been given a second chance to perfect service, Chapman failed again. The Court will give Chapman one more chance to make proper service of the amended complaint authorized by this order. If he fails a third time, the Court will dismiss Giri from this suit with prejudice.

4.   CONCLUSION

Chapman's Second Amended Complaint is largely without merit. Only his claim for FLSA retaliation comes close to being viable. Therefore,

the Court will dismiss all of his claims with prejudice except the FLSA claim. The Court will afford Chapman one final opportunity to amend his complaint and provide the detailed, specific allegations necessary to state a cognizable FLSA retaliation claim.

If Plaintiff wants to proceed, he must file a third amended complaint curing the deficiencies in his FLSA retaliation claim as described herein. The amended complaint must be filed on or before December 19, 2016. Failure to file an amended complaint within this time period will result in dismissal of this action with prejudice and without further notice. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint." Plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057; *Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Additionally, the Court advises Plaintiff that it will consider only the allegations found on the face of his amended complaint, should he choose to

file one. Unfortunately, Plaintiff has made a practice of filing numerous "exhibits" and other supplements to his complaint after the complaint is filed. As explained above, the Court did not consider these documents in ruling on the present motions to dismiss. The Court will follow the same practice in the future.

Accordingly,

IT IS ORDERED that Defendant State of Wisconsin Department of Financial Institutions' motion to dismiss (Docket #61) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that Defendants Yellow Cab Cooperative, Ali Mohamed, and Parashu Giri's motion to dismiss for failure to state a claim (Docket #55) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant DFI be and the same are hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that Defendant State of Wisconsin Department of Financial Institutions is DISMISSED from this action;

IT IS FURTHER ORDERED that Plaintiff's claims "1991 claim," Title VII racial discrimination claim, and Thirteenth Amendment claim against Defendants Yellow Cab Cooperative, Ali Mohamed, and Parashu Giri be and the same are hereby DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claim for retaliation in violation of the FLSA against Defendants Yellow Cab Cooperative, Ali Mohamed, and Parashu Giri be and the same is hereby DISMISSED without prejudice;

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint no later than December 19, 2016; and

IT IS FURTHER ORDERED that Plaintiff must effect proper service of his amended complaint and summons on any Defendant in this action no later than January 18, 2017.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge